```
               UNITED STATES DISTRICT COURT
                        FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS N. CAMPBELL, SR.,       :
                               :
         Petitioner            :    No. 1:15-CV-02396
                               :
    vs.                        :    (Judge Kane)
                               :
WARDEN,                        :
                               :
         Respondent            :
```

## MEMORANDUM

### Background

On December 15, 2015, Curtis N. Campbell, Sr., an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the Warden of USP-Lewisburg as the Respondent. (Doc. No. 1.) Attached to the petition were numerous exhibits. Campbell also submitted a memorandum. (Doc. No. 2.)

The petition, exhibits and memorandum reveal that Campbell received Incident Report 2529189 on December 21, 2013, charging him with violating Offense Code 224, "Assaulting any person (a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate)," a High Severity Level Prohibit Act.[1] Campbell claims

---

1. 28 C.F.R. § 541.3(a), "Prohibited acts" states that "[t]he list of prohibited acts are divided into four separate categories based on severity: Greatest; High; Moderate; and Low. We described the prohibited acts in Table 1 - Prohibited Acts and
(continued...)

that his due process rights were violated during the course of a prison disciplinary hearing held at USP-Lewisburg on January 29, 2014. Campbell was found guilty of the offense on February 21, 2014. The Discipline Hearing Officer ("DHO") in his report, which Campbell submitted as an exhibit, states as follows:

> The DHO finds inmate Campbell committed the prohibited act of Assault, Code 224. This finding is based upon the eyewitness written account of the reporting officer, which indicates on 12-21-2013 at 10:49 am, the reporting officer was moving inmates Campbell, #09999-007, and Scott, #09584-007, from cell B-213 to B-201. Once inmates Campbell and Scott were placed in cell B-201, hand restraints were removed from inmate Campbell. Before inmate Scott was able to remove his hand restraints, inmate Campbell began striking inmate Scott about the head and upper torso with closed fist strikes. Assistance was then called for an assault. The reporting officer ordered inmate Campbell to cease his actions, which he refused. At this time, the reporting officer administered (2) two second bursts from his MK-4 OC dispenser with negative results. At this time, the Operation Lieutenant administered pepper ball from a pepper ball launcher. Inmate Campbel then complied with orders to cease his actions and was placed in hand restraints. Both inmates were removed from B-201 and escorted to the B-Block 2nd floor shower to be medically assessed and decontaminated.
>
> This finding is further based upon the memorandum of Scott, dated 12-21-2013. Lieutenant Scott reports on 12-21-2013, at approximately 10:49 AM, B-Block staff called for assistance upon observing inmate Curtis Campbell, #09999-007, assaulting inmate Eugene Scott, #09584-007,in B-Block, cell 201. Upon Lieutenant Scott's arrival, he observed inmate Campbell still assaulting inmate Scott with closed fist punches. Lieutenant Scott gave Campbell verbal orders to stop his assaultive behavior and submit to hand restraints, with negative results. Lieutenant Scott then introduced three

---

1. (...continued)
Available Sanctions. Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself."

2

> 5 to 8 round bursts from the pepper ball launcher, which proved effective.  Inmate Campbell stopped his actions and submitted to hand restraints.  Both inmates Campbell and Scott were then removed from the cell, separated, and escorted off the range for decontamination.
>
> This finding is further based upon the memorandum of Hackenberg, dated 12-21-2013.  Officer Hackenberg reports on 12-21-2013, at approximately 10:49 AM, he responded to an assistance call on B-Block, second floor.  Upon arrival, Officer Hackenberg observed inmate Campbell, #09999-007, striking inmate Scoot, #09584-007, in B-Block, cell 201.
>
> This finding is further based upon the memorandum of Paloskey, dated 12-21-3013.  Officer Paloskey reports on 12-21-2013, at approximately 10:49 AM, he observed inmate Campbell, #09999-007, striking inmate Scott, #09584-007, in B-block, cell 201.
>
> Inmate Campbell denied committing any prohibited act in this case.

(Doc. No. 1, at 12-13.)  The DHO further states that Campbell presented testimony from inmte Scott who denied that he was assaulted by Campbell but concluded that the statements of the corrections officers set forth in the memoranda were more credible and inmate Scott testified untruthfully because "[p]resenting testimony directly contradicting that of his cellmate would be viewed by other inmates as 'snitching' or 'ratting' to staff."  Id. at 13-14.

After finding Campbell guilty, the DHO imposed the following sanctions: (1) 30 days disciplinary segregation, and (2) 120 days loss of commissary and visitation privileges.  Campbell did not receive loss of Good Conduct Time credit as a sanction for the Code 224 offense.  Id.

As relief Campbell requests that the finding of guilt be overturned and that Incident Report 2716879 be dismissed. On December 15, 2015, Campbell filed a motion to proceed _in forma pauperis_. (Doc. No. 3.) Campbell will be granted _in forma pauperis_ status for the sole purpose of filing the petition and the petition will be dismissed for the reasons set forth below.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See Clark-Aigner v. Ebbert, 2015 WL 632213, at *2 (M.D.Pa. Feb. 13, 2015)(Nealon, J.)(citing Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)); Thompson v. DeRose, 2013 WL 5719413, at *1 (M.D.Pa. Oct. 21, 2013)(Brann, J.)(same); Jackson v. Ebbert, 2010 WL 3447764, at * 2 (M.D.Pa. Aug. 30, 2010)(Caputo, J.)(same). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It has been repeatedly held that "[a] petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . .

4

.'"  Thomas v. Hauser, 2015 WL 1566233, at *1 (M.D.Pa. April 8, 2015)(Nealon, J.)(citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) and Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991)); see also Thompson, 2013 WL 5719413, at *1; Jackson, 2010 WL 3447764, at * 2. The Allen court stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall. . . deprive any person of life, liberty, or property, without due process of law. . . ."  The Supreme Court has mandated a two-part analysis of a procedural due process claim: first "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977).  If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates had various procedural due process protections in a prison

disciplinary proceeding, including the right to call witnesses and to appear before an impartial decision-maker.[2]

While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir.2002) (citing Sandin v. Conner, 515 U.S. 472, 486(1995)). Campbell's disciplinary segregation and loss of commissary and visiting privileges do not invoke the same due process protections. See Torres, 292 F.3d at 150-51. Additionally, these punishments cannot be challenged under § 2241 because in no manner do they affect the

---

2. In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71. The Supreme Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

fact or length of his sentence or confinement. See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002).[3]

Campbell does not challenge the fact or duration of his confinement. Therefore, his present challenge to Incident Report 2529189 is inappropriately raised in a habeas corpus petition and will be dismissed.

Finally, Campbell is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.

---

[3] It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Rinaldi v. Zickefoose, 2013 WL 4812491, at *1 (M.D.Pa. 2013)(Rambo, J.)(citing Preiser v. Rodriguez). However, "[f]ederal habeas corpus review is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" Rinaldi, 2013 WL 4812491, at *1 (quoting Leamer v. Fauver): see also Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 111 (3d Cir. 2015)(the purpose of a habeas petition is to challenge the fact or duration of confinement not the conditions of confinement); McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 129-130 (3d Cir. March 14, 2011)(same); Brown v. Bledsoe, 405 F. App'x 575, 576-577 (3d Cir. Jan. 12, 2011)(same); Bedenfield v. Warden Lewisburg, 393 F. App'x 32, 33 (3d Cir. Sept. 9, 2010)(same).

In Descamps, a per curiam and non-precedential opinion, the Court of Appeals summarily affirmed the order of the district court "because no substantial question [was] presented by [the] appeal." 617 F. App'x at 111. In so doing the Court citing Leamer v. Fauver, a precedential opinion, stated as follows: "To the extent that Descamps challenged the adequacy of the dental and mental care he is receiving, he is challenging conditions of his confinement; his claims do not sound in habeas corpus." Id.