```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS N. CAMPBELL, SR.,         :
                                 :
        Petitioner               :    No. 1:15-CV-02396
                                 :
   vs.                           :    (Judge Kane)
                                 :
WARDEN,                          :
                                 :
        Respondent               :
```

**MEMORANDUM**

**Background**

On December 15, 2015, Curtis N. Campbell, Sr., an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the Warden of USP-Lewisburg as the Respondent. (Doc. No. 1.) Attached to the petition were numerous exhibits. Campbell also submitted a memorandum. (Doc. No. 2.)

The petition, exhibits and memorandum reveal that Campbell received Incident Report 2529189 on December 21, 2013, charging him with violating Offense Code 224, "Assaulting any person (a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate)," a High Severity Level Prohibit Act.[1]  Campbell claimed

---

1.  28 C.F.R. § 541.3(a), "Prohibited acts" states that "[t]he list of prohibited acts are divided into four separate categories based on severity: Greatest; High; Moderate; and Low.  We described the prohibited acts in Table 1 - Prohibited Acts and
                                                    (continued...)

that his due process rights were violated during the course of a prison disciplinary hearing held at USP-Lewisburg on January 29, 2014. Campbell was found guilty of the offense on February 21, 2014. The Discipline Hearing Officer ("DHO") in his report, which Campbell submitted as an exhibit, stated as follows:

> The DHO finds inmate Campbell committed the prohibited act of Assault, Code 224. This finding is based upon the eyewitness written account of the reporting officer, which indicates on 12-21-2013 at 10:49 am, the reporting officer was moving inmates Campbell, #09999-007, and Scott, #09584-007, from cell B-213 to B-201. Once inmates Campbell and Scott were placed in cell B-201, hand restraints were removed from inmate Campbell. Before inmate Scott was able to remove his hand restraints, inmate Campbell began striking inmate Scott about the head and upper torso with closed fist strikes. Assistance was then called for an assault. The reporting officer ordered inmate Campbell to cease his actions, which he refused. At this time, the reporting officer administered (2) two second bursts from his MK-4 OC dispenser with negative results. At this time, the Operation Lieutenant administered pepper ball from a pepper ball launcher. Inmate Campbell then complied with orders to cease his actions and was placed in hand restraints. Both inmates were removed from B-201 and escorted to the B-Block 2nd floor shower to be medically assessed and decontaminated.
>
> This finding is further based upon the memorandum of Scott, dated 12-21-2013. Lieutenant Scott reports on 12-21-2013, at approximately 10:49 AM, B-Block staff called for assistance upon observing inmate Curtis Campbell, #09999-007, assaulting inmate Eugene Scott, #09584-007,in B-Block, cell 201. Upon Lieutenant Scott's arrival, he observed inmate Campbell still assaulting inmate Scott with closed fist punches. Lieutenant Scott gave Campbell verbal orders to stop his assaultive behavior and submit to hand restraints, with negative results. Lieutenant Scott then introduced three

---

1. (...continued)
Available Sanctions. Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself."

> 5 to 8 round bursts from the pepper ball launcher, which proved effective.  Inmate Campbell stopped his actions and submitted to hand restraints.  Both inmates Campbell and Scott were then removed from the cell, separated, and escorted off the range for decontamination.
>
> This finding is further based upon the memorandum of Hackenberg, dated 12-21-2013. Officer Hackenberg reports on 12-21-2013, at approximately 10:49 AM, he responded to an assistance call on B-Block, second floor.  Upon arrival, Officer Hackenberg observed inmate Campbell, #09999-007, striking inmate Scoot, #09584-007, in B-Block, cell 201.
>
> This finding is further based upon the memorandum of Paloskey, dated 12-21-3013.  Officer Paloskey reports on 12-21-2013, at approximately 10:49 AM, he observed inmate Campbell, #09999-007, striking inmate Scott, #09584-007, in B-block, cell 201.
>
> Inmate Campbell denied committing any prohibited act in this case.

(Doc. No. 1, at 12-13.)  The DHO further stated that Campbell presented testimony from inmate Scott who denied that he was assaulted by Campbell but concluded that the statements of the corrections officers set forth in the memoranda were more credible and inmate Scott testified untruthfully because "[p]resenting testimony directly contradicting that of his cellmate would be viewed by other inmates as 'snitching' or 'ratting' to staff." Id. at 13-14.

After finding Campbell guilty, the DHO imposed the following sanctions: (1) 30 days disciplinary segregation, and (2) 120 days loss of commissary and visitation privileges.  Campbell did not receive loss of Good Conduct Time credit as a sanction for the Code 224 offense. Id.

As relief Campbell requested that the finding of guilt be overturned and that Incident Report 2716879 be dismissed. On December 15, 2015, Campbell filed a motion to proceed <u>in forma pauperis</u>. (Doc. No. 3.) The Court screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and by memorandum and order of May 9, 2016, Campbell was granted <u>in forma pauperis</u> status for the sole purpose of filing the petition and the petition was dismissed because while the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. <u>See</u> <u>Torres v. Fauver</u>, 292 F.3d 141, 150-51 (3d Cir.2002) (citing <u>Sandin v. Conner</u>, 515 U.S. 472, 486(1995)).

On May 18, 2019, Campbell filed a motion for reconsideration in which he claims that the court misconstrued his petition because being found guilty of the prohibited act impacted his chances of future parole with respect to a state court conviction and thus impacted the fact or duration of his confinement. For the reasons set forth below, the motion for reconsideration will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's

decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the

finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus. Inc.</u>, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Campbell did not previously raise the issue of the collateral consequences of being found guilty of a prohibited act under prison regulations, and even if he did, the argument would have been unavailing. The Court of Appeal for this circuit has clearly held that a district court lacks jurisdiction over a habeas petition even if the finding that the inmate committed the prohibited act would impact his chances for parole. <u>Parks v. Jordan</u>, 573 F. App'x 233, 235-236 (3d Cir. Aug. 4, 2014)("The fact that the disciplinary infraction may affect Parks' chances at parole is insufficient to bring his due process claims within the ambit of habeas.").

Campbell's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed.  Thus, the Court finds that its memorandum and order May 9, 2016,  is not defective because of manifest errors of law or fact and Campbell has not presented anything new, which if previously presented, might have affected the court's decision. Consequently, the motions for reconsideration will be denied.

An appropriate order will be entered.